UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEVORG MURADYAN,<br><br>                              Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>                              Respondents. | Case No.:  3:26-cv-2189-CAB-MSB<br><br>**ORDER GRANTING A WRIT OF HABEAS CORPUS** |

Petitioner Gevorg Muradyan, an Armenian national, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  Petitioner alleges that he has been held in immigration detention by Respondents since he crossed the United States border seeking asylum in December 2024.  [*Id.* at 3.]  In September 2025, he was ordered removed from the United States by an immigration judge but was granted withholding of removal to Armenia.  [*Id.* at 5.]

Respondents say that they are "unable to ascertain sufficient facts at this time to establish that there is a significant likelihood of removal in the reasonably foreseeable future."  [Doc. No. 5 at 1 (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)).]  Therefore, Respondents "acknowledge that Petitioner is entitled to be released from custody subject to conditions of supervision."  [*Id.*]  The Court therefore **GRANTS** a writ of habeas corpus and **ORDERS** Respondents to immediately release Petitioner subject to supervision under

1

regulations prescribed by the Attorney General, including the requirements of 8 U.S.C. § 1231(a)(3).

The Court **DENIES** Petitioner's request to enjoin Respondents from removing Petitioner to a country other than Armenia ("third country") without certain notice requirements and other protections. [Petition at 18.] There is no evidence that a third country has been identified, or that if one is identified, Respondents will contravene Ninth Circuit precedent requiring Petitioner to be notified that he may apply for appropriate relief, including withholding of removal to that third country. *See, e.g., Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."). It is thus premature on the current record for this Court to order injunctive relief related to Petitioner's potential future removal to an unidentified third country.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: April 14, 2026

Hon. Cathy Ann Bencivengo
United States District Judge